UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMIL CLERMONT,<br><br>                      Plaintiff,<br><br>     v.<br><br>BILL ELFO, et al.,<br><br>                     Defendants. | CASE NO. C18-1489RSM<br><br>ORDER GRANTING DEFENDANT COLIN GOGGIN'S MOTION TO DISMISS |

## I.      INTRODUCTION

This matter comes before the Court on Defendant Colin Goggin's Motion to Dismiss under Rules 12(b)(4), 12(b)(5), and 12(b)(6). Dkt. #12. Plaintiff Emil Clermont has failed to file a timely opposition. For the reasons stated below, the Court GRANTS Defendant Goggin's Motion and dismisses this case.

## II.      BACKGROUND

Plaintiff Clermont filed suit in this Court on October 9, 2018, against Sheriff Bill Elfo, Officer John Landis, Terry Brown of Windermere Property Management, Doctor Colin Goggen, Clerk Susan Sooter, and bank managers Hanna Sullivan and Melanie Pullar. Dkt. #1. The Court's basis for jurisdiction is stated as "Defendants violated or abrigded [sic] 14 of the 27

amendments." *Id.*  As to Mr. Clermont's causes of action, or the factual basis for such claims, the Court is left in the dark.  The Complaint does not elaborate on these topics, instead asking the Court to "return all documents or items with my name on them" including dog tags, and informing Ms. Sullivan that she has "nothing to fear." *Id.*

The civil cover sheet filed by Mr. Clermont has several boxes checked for the nature of this suit: "Assault, Libel & Slander," "Motor Vehicle," "other Personal Injury," "Medical Malpractice," "Other Statutory Actions," "Rent, Lease & Ejectment," "All Other Real Property," "Other Fraud," "Truth in Lending," "Civil Rights," "Prison Condition," "Other Food & Drug," "Drug Related Seizure of Property," "Liquor Laws," "Occupational Safety/Health," "Banks & Banking," "Racketeer Influenced & Corrupt Organizations," "Habeas Corpus-General," "Civil Rights-Employment," "Freedom of Information Act," "Empl. Ret. Inc. Security Act," and "Other Civil Rights." Dkt. #1-1.  Under Cause of Action, Mr. Clermont has written in all capital letters, "MY IDENTITY HAS BEEN STOLEN BY ALL GOV AGENCIES IN US + CANADA. SLANDER! DEFIMATION [sic] OF CHARACTOR! [sic] MEDICAL MAL-PRACTICE (UNLAWFUL CONFINEMENT!)." *Id.*  Mr. Clermont demands 50 million dollars and a jury trial. *Id.*

Defendants have filed five motions to dismiss, only the first of which is currently noted for the Court's consideration.  Dkts. #12, #19, #24, #27, and #29.  Mr. Clermont has failed to respond to the instant Motion or make any further filing in this case.

### III.    DISCUSSION

#### A.  Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.* at 570.

**B. Defendants' Motion to Dismiss under Rule 12(b)(6)**

Dr. Goggin points out that the Complaint does not include any allegations regarding any of his actions. Dkt. #12 at 1. Dr. Goggin also credibly asserts he has not received proper service. *Id.* at 2.

Mr. Clermont's failure to respond to this Motion is interpreted as an admission that the motion has merit under Local Civil Rule 7(b)(2).

The Court does not need to review any further briefing on whether or not this Complaint fails to state a claim upon which relief can be granted. This is obvious—the Complaint fails to assert any causes of action plausible on their face, or state facts related in any way to these Defendants. Dismissal is warranted under Rule 12(b)(6). The Court need not address problems with service.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Despite the lack of information

contained in the Complaint, Mr. Clermont has in fact pointed to several wildly inconsistent legal theories for bringing this suit. This suit is obviously frivolous on its face. The Court is convinced that Plaintiff cannot allege different facts, consistent with the challenged pleading, which could survive dismissal, and that therefore leave to amend will not be granted.

## IV.  CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Goggin's Motion to Dismiss, Dkt. #12, is GRANTED. Plaintiff's claims are dismissed. All pending motions are terminated as moot. This case is CLOSED.

DATED this 10 day of December, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE